IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **HANWHA CORPORATION,**<br><br>      **Plaintiff,**<br><br>  vs.<br><br>**HEARTLAND MACHINE & ENGINEERING, LLC, KENT INTERNATIONAL USA INC., AND MANUFACTURERS CAPITAL,**<br><br>      **Defendants.** | Case No. _____ |

**COMPLAINT IN REPLEVIN**

Plaintiff, Hanwha Corporation ("Plaintiff"), by and through its undersigned attorneys, alleges as follows for its Complaint against Defendant Heartland Machine & Engineering, LLC ("Defendant"):

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon the diverse citizenship of the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This Court has authority to issue a writ of replevin pursuant to Fed. R. Civ. P. 64.

3. Plaintiff and Defendant also agreed in writing that the "federal courts of Indiana located in Southern District of Indiana shall be the exclusive forums for litigation concerning this [Security] Agreement." See Ex. C ¶ 12.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

## PARTIES

5. Plaintiff is a corporation formed and organized under the laws of the Republic of Korea with a principal place of business located at 86 Cheonggyecheon-ro (Janggyo-dong), Jung-gu, Seoul, South Korea.

6. Defendant is a limited liability company formed and organized under the laws of the State of Indiana with a principal place of business located at 2848 Graham Road, Franklin, Indiana 46131.

7. Tom Goin is the sole member of Defendant whose last known address is 3779 W. Hougham Road, Trafalgar, Indiana 46181.

8. Kent International USA Inc. is a corporation organized under the laws of California with a principal place of business located at 14161 Albers Way, Chino, California 91710 is included as a defendant because of the lien it holds against Defendant.

9. Manufacturers Capital, a Division of CCG on behalf of itself and on behalf of all affiliates of CCI, with its principal place of business located at 227 West Trade Street, Suite 1450, Charlotte, North Carolina 28202 is included as a defendant because of the lien it holds against Defendant.

## BACKGROUND

### A. The Korean Action

10. Defendant issued 45 purchase orders to Plaintiff between September 2015 and November 2015 for a total price of $2,860,500.00 USD for certain products exported by Plaintiff ("Products").

11. Plaintiff performed its obligations under the purchase orders by shipping and delivering the Products to Defendant between October 19, 2015 and February 8, 2016.

12. Defendant made partial payment to Plaintiff for the Products in the amount of $1,216,961.00 resulting in an outstanding balance of $1,643,539.00.

13. On February 5, 2018, Plaintiff filed an action against Defendant, due to Defendant's failure to make payment to Plaintiff for the Balance, in the Seoul Central District Court, 46th Civil Division in a case captioned, <u>Hanwha Corporation v. Heartland Machine & Engineering, LLC</u>, Case No. 2018Gahap507955 ("Korean Action").

14. On October 17, 2018, the Seoul Central District Court entered judgment against Defendant and in favor of Plaintiff in the Korean Action finding Defendant "liable to pay Plaintiff $1,805,197 together with interest on $1,643,539 at an annual rate of 5% from February 3, 2018 until the day of receiving this Complaint, and at an annual rate of 15% from the following day until all amounts due have been paid" ("Judgment Amount"). A true and correct copy of the judgment dated October 17, 2018 is attached as <u>Exhibit A</u>.

**B. The Forbearance Agreement**

15. In an attempt to amicably resolve the Korean Action and to avoid execution of the Judgment, Plaintiff and Defendant entered into a Forbearance Agreement dated January 20, 2020 ("Forbearance Agreement"). A true and correct copy of the Forbearance Agreement is attached as <u>Exhibit B</u>.

16. Under the Forbearance Agreement, Defendant acknowledged the following:

    a. The complaint in the Korean Action was properly served on Defendant on or around June 18, 2018, under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague

> Convention");
>
> b. The Judgment was entered against Defendant for the Judgment Amount; and
>
> c. The Judgment was properly served on Defendant on or around November 26, 2018, under the Hague Convention.

See Ex. B, at p. 1.

17. Pursuant to the Forbearance Agreement, Defendant was obligated to make certain installment payments to Plaintiff beginning in May of 2020 and continuing through December of 2023 ("Installment Payments").

18. Defendant has failed to make the required Installment Payments to Plaintiff since September 1, 2021 to date pursuant to the terms of the Forbearance Agreement.

19. By letter dated February 22, 2022, Plaintiff demanded Defendant make payment to Plaintiff on or before March 4, 2022; to date Defendant has failed to make payment pursuant to the terms of the Forbearance Agreement.

### C.     The Security Agreement

20. Concurrent with the execution of the Forbearance Agreement, Plaintiff and Defendant entered into a Security Agreement dated January 20, 2019 ("Security Agreement"). A true and correct copy of the Security Agreement is attached as Exhibit C.

21. Pursuant to the terms of the Security Agreement, and as security for the payments due by Defendant under the Forbearance Agreement, Defendant granted Plaintiff "a continuing security interest in favor of [Plaintiff] in and to all of its right, title and interest in and to the following, wherever located, whether now existing or hereafter from time to time arising or acquired (collectively, the "Collateral"):

    a. all fixtures and personal property of every kind and nature including all accounts (including health-care-insurance receivables), goods (including inventory and equipment), documents (including, if applicable, electronic documents), instruments, promissory notes, chattel paper (whether tangible or electronic), letters of credit, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), securities and all other investment property, general intangibles (including all payment intangibles), money, deposit accounts, and any other contract rights or rights to the payment of money; and

    b. all proceeds and products of each of the foregoing, all books and records relating to the foregoing, all supporting obligations related thereto, and all accessions to, substitutions and replacements for, and rents, profits and products of, each of the foregoing, and any and all proceeds of any insurance, indemnity, warranty or guaranty payable to [Defendant] from time to time with respect to any of the foregoing.

See Ex. C, ¶ 2.

22. On February 27, 2020, pursuant to the Security Agreement, Plaintiff filed a UCC Financing Statement regarding the Collateral ("Financing Statement"). A true and correct copy of the Financing Statement is attached as Exhibit D.

23. Pursuant to Section 7 of the Security Agreement, in the event any portion of the amounts due by Defendant to Plaintiff under the Forbearance Agreement are not paid, Plaintiff may "at its option and subject to lien holders with priority interest, do any one or more of the following:

    a. foreclose or otherwise enforce [Plaintiff]'s security interest in any manner permitted by law, or provided for in this Security Agreement;

    b. sell, lease, or otherwise dispose of any Collateral at one or more public or private sales, whether or not such Collateral is present at the place of sale, for cash or credit or future delivery, on such terms and in such manner as [Plaintiff] may determine;

    c. recover from [Defendant] all costs and expenses, including, without limitation, reasonable attorney's fees, incurred or paid by [Plaintiff] in exercising any right, power, or remedy provided by this Security Agreement or by law; and

    d. enter onto the property where any Collateral is located and take possession

thereof with or without judicial process."

See Ex. C, ¶ 7.

24. Upon information and belief, the total value of the Collateral is in excess of $75,000.00.

## FIRST COUNT
## SECURITY INTEREST

25. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though set forth here in length.

26. By and the through the execution of the Security Agreement, Defendant granted a valid and enforceable security interest in the Collateral.

27. Plaintiff's security interest in the Collateral was duly perfected by the recording of the Financing Statement. See Ex. D.

28. Plaintiff is lawfully entitled to possession of the Collateral for the reason that Defendant is in default under the Forbearance Agreement and Security Agreement.

29. To date, Defendant has failed to make the required payments to Plaintiff due under the Forbearance Agreement and currently is indebted to Plaintiff for the remaining balance of the Judgment Amount.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

a. Adjudging that the Collateral be sold at a public or private sale to satisfy the amounts due to Plaintiff;

b. Discharging all subordinate interests in the Collateral;

c. Barring and foreclosing Defendant of all equity of redemption, if applicable, in and to the aforesaid Collateral;

d. Granting Plaintiff their costs of suit, including reasonable attorneys fees,

costs and expenses; and

e. All other remedies the Court deems just and equitable.

## SECOND COUNT
## POSSESSION (REPLEVIN)

30. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though set forth here in length.

31. As a result of Defendant's default under the Forbearance Agreement and Security Agreement and under Ind. Code § 26-1-9.1-609, Plaintiff is entitled to possession of the Collateral.

32. The Defendant is now in possession of the Collateral and has at all times deprived Plaintiff of possession thereof.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Possession of the Collateral;

b. Reasonable value of the Collateral if applicable;

c. Awarding damages as may be applicable;

d. Granting Plaintiff their costs of suit, including reasonable attorneys fees; and

e. All other remedies the Court deems just and equitable.

Dated: July 22, 2022                                    Respectfully submitted,

HARRISON & MOBERLY, LLP

*/s/ Charles E. Oswald*
Charles E. Oswald (Atty. No. 27279-49)
8335 Keystone Crossing, Suite 220
Indianapolis, Indiana 46240
Telephone: (317) 639-4511
Fax: (317) 639-9565
Email: coswald@harrisonmoberly.com

**CHOI & PARK, LLC**
*Pending Pro Hac Vice Admission*
Attorneys for Plaintiff,
Hanwha Corporation

/s/ Hyun Suk Choi
Hyun Suk Choi, Esq.
hchoi@choiandpark.com

23 South Warren Street
2nd Floor
Trenton, New Jersey 08608
Tel.: 609.396.2800
Fax: 609.396.2801