UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HANWHA CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-01477-JPH-MG ) |
| HEARTLAND MACHINE & ENGINEERING, LLC, KENT INTERNATIONAL USA INC., MANUFACTURERS CAPITAL, TOM GOIN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S RULING ON REMOTE DEPOSITIONS**

Defendant Heartland Machine & Engineering has filed an objection to the Magistrate Judge's order, granting Plaintiff Hanwha Corporation's request to take certain depositions remotely. Dkt. [64]. For the reasons below, Heartland's objection is **OVERRULED**.

**I.
Facts and Background**

Hanwha sued Heartland to foreclose or otherwise enforce an alleged security interest to sell, lease, or otherwise dispose of Heartland's collateral, recover from Heartland costs and expenses, and enter onto Heartland's property to take possession of the collateral with or without judicial process.

1

Dkt. 9.[1]  Heartland contests the enforceability of the Security and Forbearance Agreement underlying Hanwha's replevin suit.  Dkt. 22.

Heartland issued notices of deposition to Hanwha's designated corporate representative and two employees Hanwha identified in its initial disclosures. Dkts. 53; 64 at 2.  Hanwha asked the Magistrate Judge to require Heartland to depose these individuals remotely through video depositions.  Dkt. 64 at 2. After briefing and argument during a discovery conference on the matter, *see* dkts. 53, 54, 57, 59, Magistrate Judge Mario Garcia granted that motion under Federal Rule of Civil Procedure 30(b)(4) because "[t]he deponents are located in South Korea" and the issues involved in the cases were limited.  Dkt. 63. Heartland objected to the Magistrate Judge's Order under Federal Rule of Civil Procedure 72(a).  Dkt. 64.

## II.
## Rule 72(a) Standard

Federal Rule of Civil Procedure 72(a) allows district courts to consider "timely objections" to magistrate court orders "and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Clear error is an "extremely deferential standard of review." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).  An order is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed."

---

[1] Hanwha also filed a similar lawsuit in this Court to enforce a South Korean judgment against Heartland.  *Hanwha Corp. v. Heartland Machine & Engineering*, LLC, 1:22-cv-01475.  There's a materially identical objection pending in that other case.  That objection will be resolved by separate order in that case.

*See Pinkston*, 440 F.3d at 888. *See also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926 (7th Cir. 1997) (discussing Rule 72(a) objections).

### III.
### Analysis

Federal Rule of Civil Procedure 30(b)(4) authorizes courts to order that a deposition "be taken by telephone or other remote means." While Rule 30(b)(4) does not set forth a specific standard that courts must follow when evaluating a motion for remote depositions, the Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding", Fed. R. Civ. P. 1. Therefore, when evaluating a request to take depositions remotely, courts should weigh "the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (compiling cases).

Here, Heartland argues that granting remote depositions was clearly erroneous because Hanwha is the plaintiff, and because in-person depositions are the norm in federal practice. Additionally, it argues that the prejudice it will suffer outweighs Hanwha's reasons for a remote deposition. Dkt. 64 at 3–9. Hanwha responds that Heartland has failed to demonstrate that the Magistrate Judge's decision is clearly erroneous or contrary to law. Dkt. 66.

Finding no controlling Seventh Circuit authority on the issue, Heartland cites to various district court cases in support of its argument that the

3

Magistrate Judge's order was clearly erroneous or contrary to law. While those cases show that judges have substantial discretion when considering a request for a remote deposition, dkt. 64 at 3–7, they do not show that the Magistrate Judge's order here was clearly erroneous. See Fed. R. Civ. P. 72(a).

Heartland argues that the COVID-19 pandemic trend of remote deposition should not create a "de-facto rule favoring remote depositions." Dkt. 64 at 3. But the Magistrate Judge did not rely on a "de-facto rule". On the contrary, the record demonstrates that the Magistrate Judge sensibly evaluated Hanwha's motion by weighing Hanwha's stated reasons for a remote deposition against the potential prejudice identified by Heartland. Dkt. 63.

Heartland identifies multiple areas of purported prejudice related to a remote deposition—an inability to judge witness credibility; to ensure the witness is not being coached during testimony and accuracy of foreign language interpretation; the difficulty of document presentation in a "document-intensive" case like this one; and the fact that the Defendant faces "millions of dollars" of liability. Dkt. 64 at 8–9. Those do not, however, show clear error as required to overrule the Magistrate Judge's decision.

Indeed, the weight of authority suggests that "leave to take depositions by remote electronic means should be liberally granted." 7 Moore's Federal Practice - Civil § 30.24 (2023). That position makes sense, especially in the context of videoconference depositions, because technology mitigates many of the concerns expressed by Heartland, including the use of documents. Dkt. 66 at 5–7 (collecting cases discussing how modern videoconferencing technology

4

facilitates taking remote depositions).  Technological advances have also mitigated other potentially problematic aspects of taking remote deposition, such as clear audio transmission and the use of interpreters.  *See In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *5 (even before the pandemic, courts encouraged remote depositions "as the technology for taking depositions in that way has improved significantly over time"); *Valdivia v. Menard Inc.*, No. 19 CV 50336, 2020 WL 4336060, at *2 (N.D. Ill. July 28, 2020) ("[I]nterpreters . . . are capable of proceeding effectively through remote means.").  And here, Hanwha, the party who asked for the depositions to be conducted remotely, does not object to, and in fact contemplates, the remote depositions being conducted via videoconference rather than by telephone.  Dkt. 53 at 1 ("Since Plaintiff's employees are residing in South Korea, [Plaintiff's counsel] suggested the depositions be conducted by videoconference."); dkt. 66 (Plaintiff explains in multiple instances how taking the depositions over Zoom will mitigate prejudice identified by Heartland).

  The arguments advanced by Heartland and the cited authorities do not leave the Court "with the definite and firm conviction that a mistake has been made."  *Weeks*, 126 F.3d at 943.  Thus, Heartland has not demonstrated that the Magistrate Judge's order was clearly erroneous or contrary to law under Fed. R. Civ. P. 72(a).  *Pinkston*, 440 F.3d at 889.

## IV.
## Conclusion

The Defendant's Objection to Magistrate Order Dated 07/24/23 (Doc. 63) is **OVERRULED**.  Dkt. [64].

**SO ORDERED.**

Date: 1/11/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.